UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JONES LANG LASALLE BROKERAGE, INC.,

                        Plaintiff,

            - against -

NITYO INFOTECH CORPORATION,

                      Defendant.
------------------------------------------------------------------X

Index No.: 23-cv-10738

**ANSWER WITH COUNTERCLAIM**

      **PLEASE TAKE NOTICE** that the Defendant Nityo Infotech Corporation (hereinafter "Defendant" or "Nityo"), by and through its attorneys Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, as and for its Answer to Plaintiff Jones Lang Lasalle Brokerage, Inc.'s (hereinafter "Plaintiff" or "JLL") Complaint dated December 8, 2023, states as follows:

      1.      The introductory paragraph in the complaint contains no allegations and as such no response is required. To the extent a response is required, Defendant lacks sufficient knowledge and information to admit or deny the allegations in the introductory paragraph of the Complaint.

      2.      Defendant denies each and every allegation contained in paragraphs "1", "3", "4", "20", "21", "25", "26", "27", "28", "29", "33", "34", "38", "39", "42", "44", "47", "48", "49", "50", "51", "53", "54", "55", and "56" of the Complaint.

      3.      Defendant lacks sufficient knowledge and information to formulate a response to allegations in paragraphs "7" and "46" of the Complaint. To the extent a response is nevertheless deemed necessary, Defendant denies each and every allegation contained in paragraphs "7" and "46" of the Complaint.

4. Paragraphs "43" and "52" contain legal conclusions to which no response is required. To the extent a response is nevertheless deemed necessary, Defendant denies each and every allegation in paragraphs "43" and "52" of the Complaint.

5. Defendant admits the allegations contained in paragraph "11" to the limited extent that Defendant sought assistance from Plaintiff in or about July of 2022. Defendant lacks sufficient knowledge and information to formulate a response to every other allegation contained in paragraph "11" of the Complaint.

6. Defendant admits the allegations contained in paragraph "14" to the limited extent that the excerpt contained in paragraph "14" is from the Services Agreement. Defendant denies every other allegation contained in paragraph "14" of the Complaint.

7. Defendant admits the allegations contained in paragraph "36" to the limited extent that on or about August 2, 2023, Plaintiff sent Defendant an estimated calculation of its fee allegedly owed under the Services Agreement. Defendant lacks sufficient knowledge and information to formulate a response to every other allegation contained in paragraph "36" of the Complaint.

8. Defendant admits the allegations contained in paragraphs "2", "5", "6", "8", "9", "10", "12", "13", "15", "16", "17", "18", "19", ""22", "23", "24", "30", "31", "35", "37", "40", "41", and "45" of the Complaint.

9. Defendant denies each and every allegation contained in the "WHEREFORE" clause.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. Any injury allegedly suffered by Plaintiff was caused at least in part by Plaintiff's own negligence or breach of contract.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

11. Defendant reserves all rights to assert any and all additional affirmative defenses available under any applicable law that may become known through discovery.

**AS AND FOR A FIRST COUNTERCLAIM**
**(Breach of Contract)**

12. Defendant repeats, reiterates and re-alleges each, every, and all allegations contained in paragraphs one through eleven inclusive with the same force and effect as if set forth fully herein.

13. On or about July 24, 2022 Plaintiff and Defendant entered into the Services Agreement wherein Plaintiff was contracted to be Defendant's exclusive listing agent for the Subleased Premises. Under the Services Agreement, Plaintiff was to sublease the Subleased Premises, arrange for an assignment thereof, or arrange for an agreement between Defendant's landlord and Defendant whereby Defendant would be relieved of its obligations under its lease agreement.

14. The purpose of the Services Agreement was for Plaintiff to assist Defendant in renting or otherwise disposing of the Subleased Premises to prevent financial losses for Defendant under its lease agreement with its landlord, MMS USA Holdings, Inc. ("Lease Agreement").

15. At all points throughout the pendency of the Services Agreement up until its termination on or about September 16, 2023, Plaintiff failed to perform its obligations under the lease agreement.

16. Upon information and belief, Plaintiff failed to make good-faith efforts to perform the terms of the Services Agreement.

17. Upon information and belief, Plaintiff failed to make substantial efforts to perform the terms of the Services Agreement.

18. Plaintiff's failure to perform under the Services Agreement was a breach of the implied covenant of good-faith and fair dealing.

19. Specifically, under Section 1.1 of the Services Agreement, Plaintiff was to sublease or otherwise arrange an assignment or early termination of Defendant's obligations for floors 2-8, 11-14, 24-29, and a portion of floor 16 of the Subleased Premises. This obligation began July 24, 2022, the date the Services Agreement was entered into.

20. Despite Defendant's substantial compromises to secure subleases, including agreeing to accept a 40% reduction in rent, Plaintiff only managed to procure one sublease agreement, approximately one month before the initial expiration of the Services Agreement, in June of 2023.

21. The sublease agreement entered into in June of 2023 was only for a portion of the 29th Floor of the subleased premises. As such, Plaintiff failed to procure subleases, assignments, or arrangements for the 2nd, 3rd, 4th, 5th, 6th, 11th, 12th, 13th, 14th, 15th, 16th, 24th, 25th, 26th, 27th, and 28th floors, along with portions of the 29th and 16th floors, of the Subleased Premises. Since these floors were not leased, Defendant remained obligated to its landlord, MMS USA Holdings, Inc. ("MMS"), for its full obligations under its Lease Agreement.

22. As a result of Plaintiff's complete failure to secure sublease agreements or other arrangements for the Subleased Premises, Defendant defaulted on its payments to MMS under the Lease Agreement.

23. On or about July 7, 2023, MMS sent Defendant a Notice of Default indicating that the Lease Agreement would be terminated unless Defendant cured its default.

24. Since Defendant was unable to cure its default under the Lease Agreement, on or about July 24, 2023, MMS sent Defendant a Five (5) Day Termination Notice, which effectively terminated the Lease Agreement on August 3, 2023.

25. In an effort to mitigate further financial losses and salvage its business operations, Defendant managed to reinstate a sublease agreement for floors 4, 5, and 6 of the Subject Property.

26. Despite this effort, Defendant had to forfeit its nearly 4.3 million dollar security deposit to MMS. Additionally, Defendant remains liable to MMS for all unpaid rental arrears accrued from the date of the Lease Agreement.

27. All of Plaintiff's breaches under the Services Agreement, including Plaintiff's failure to secure subleases or other arrangements for all but one floor of the Subleased Premises, were material.

28. As a result of Plaintiff's failure to perform the required services under the Services Agreement, Defendant suffered approximately twenty-five million dollars ($25,000,000.00) in financial losses.

29. Thus, Defendant has been damages in an amount to be determined at trial, but not less than twenty-five million dollars ($25,000,000.00).

30. Finally, Defendant is also entitled to reimbursement of all reasonable expenses and attorneys' fees in relation to this proceeding, pursuant to Section 8 of the Services Agreement, in an amount to be determined.

- 6 -

**WHEREFORE**, the Defendant demands judgment dismissing the Complaint with prejudice, granting judgment in favor of the Defendant for the damages incurred by Defendant as a result of Plaintiff's failure to abide by the terms of the Services Agreement, awarding Defendant costs and reasonable attorneys' fees, disbursements and expenses for this proceeding, and for such other and further relief as to the Court may deem just and proper.

Dated: February 14, 2024
      Kew Gardens, New York

**SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV, LLP**

_____
Dustin Bowman, Esq.
*Counsel for Defendant*
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
Tel.: 718-263-6800
dbowman@sbagk.com

NOTICE TO:
*Via ECF*

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
Emilie B. Cooper, Esq.
Ansel A. Bencze, Esq.
*Counsel for Plaintiff*
One New York Plaza
New York, NY 10004-1980
Tel.: (212) 859-8000
emilie.cooper@friedfrank.com
ansel.bencze@friedfrank.com

## CORPORATE VERIFICATION

STATE OF NEW JERSEY )
                ) ss.:
COUNTY OF MIDDLESEX

Akash Tiwari, being duly sworn, deposes and says:

I am a the President of NITYO INFOTECH CORPORATION the named Defendant in the within proceeding; that has read the foregoing **ANSWER WITH COUNTERCLAIM** and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matter deponent believes it to be true.

_____
AKASH TIWARI on behalf of NITYO INFOTECH CORPORATION

Sworn to before me, this
15th day of February 2024

_____
NOTARY PUBLIC

```
ABDUL GHAYOOR KARZAD
Commission # 50131097
Notary Public, State of New Jersey
My Commission Expires
July 09, 2025
```