UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONES LANG LASALLE BROKERAGE, INC.,

                    Plaintiff,

        - against -

NITYO INFOTECH CORPORATION,

                    Defendant.

1:23-cv-10738-VSB

**STIPULATION [AND PROPOSED CONFIDENTIALITY ORDER]**

WHEREAS, the parties to this action (collectively, the "Parties," and individually, a "Party"), plaintiff and counterclaim defendant Jones Lang Lasalle Brokerage, Inc. ("JLL") and defendant and counterclaim plaintiff Nityo Infotech Corporation ("Nityo") have each sought discovery from the other, and may seek discovery from non-parties, in connection with the above-captioned action (the "Action");

WHEREAS, the Parties request that this Court issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect the confidentiality of non-public and/or competitively sensitive information that they may need to disclose in connection with discovery;

WHEREAS, the Parties agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this Action;

IT IS HEREBY ORDERED that any person subject to this order, including, without limitation, the Parties, their representatives, agents, experts, and consultants; all non-parties providing discovery in this Action, and all other interested persons with actual or constructive notice of this order, shall adhere to the following terms:

1

1.      Any documents or information produced by any Party or non-party in connection with this Action (collectively, "Discovery Material") shall be used by any party receiving such Discovery Material (each, a "Receiving Party") solely for purposes of the prosecution or defense of this Action, and shall not be used by the Receiving Party for any business, commercial, competitive, personal, or other purpose,

2.      Any Party to this litigation and any non-party, as described in Paragraph 4, producing Discovery Material (the "Producing Party") shall have the right to designate as "Confidential" any Discovery Material or portion of such Discovery Material that the Producing Party reasonably, and in good faith, believes contains:

      a.      non-public confidential or competitively sensitive technical, marketing, financial, sales or other business information;

      b.      sensitive non-public information concerning individuals or entities, including, but not limited to, social security numbers, home telephone numbers and addresses, tax returns, and medical, credit, or banking information;

      c.      information received in confidence, or pursuant to contractual non-disclosure obligations, from non-parties;

      d.      information otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1)(G);

      e.      any other category of information this Court subsequently affords confidential status.

Such designated Discovery Materials are referred to as "Confidential Discovery Material."

3.      Discovery Material that is otherwise available through public means or information that is in the public domain shall not be deemed or considered to be Confidential Discovery Material under this order.

4.      A non-party from whom Discovery Material is sought by any Party may designate such materials as Confidential consistent with the terms of this order.  Under such circumstances, Discovery Material designated Confidential by any such non-party is assigned the same protections as Discovery Material designated Confidential by a Party, and all duties applicable to a Party shall apply to such non-party. All obligations applicable to a Party receiving Confidential Discovery Material from another Party shall apply to any Party receiving Confidential Discovery Material from a non-party.

5.      With respect to the Confidential portion of any Discovery Material, other than deposition transcripts and exhibits, the Party producing the Confidential Discovery Material may designate a portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

6.      A Producing Party or non-party may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question calls for Confidential Discovery Material, in which case the reporter shall mark the question and response as "Confidential"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating Party.  During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

7.      If at any time before trial a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without such a designation, the Producing Party may so designate such material by apprising all prior recipients in writing and providing substitute copies of the Discovery Material in question that are marked to reflect the requested designation. Thereafter, all persons subject to this order will treat such designated portion(s) of the Discovery Material as Confidential.

8.      Except as required by law, no person subject to this order, other than the Party or non-party producing the Discovery Material, may disclose any Confidential Discovery Material except to the following persons:

a.      attorneys of record in this Action, other outside counsel to the Parties, relevant in-house counsel for the Parties, and employees of such attorneys, including secretarial staff, paralegals, and duplicating and data processing personnel, to whom it is necessary that Discovery Material be shown for purposes of this Action;

b.      outside experts or consultants retained by a Party or a Party's counsel in connection with this Action (hereinafter, "Qualified Persons"), provided such Qualified Persons have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c.      the Court and any appellate court and court personnel;

d.      mediators and arbitrators and their staff, as engaged by the Parties or appointed by the Court;

e.      actual or potential witnesses or deponents, and their counsel;

f.    any person who created, sent, or received the Confidential Discovery Material and any person who had access to such material while employed by the Producing Party;

g.    any person a Receiving Party reasonably believes would have seen the Confidential Discovery Material previously, in the regular course of business;

h.    litigation support and electronic discovery vendors, temporary attorneys, copy services, data entry, and computer support services retained by or for the Parties to assist in preparing for pretrial discovery, trial, and/or hearings, including, but not limited to: court reporters; litigation support personnel; jury consultants; individuals to prepare demonstrative and audiovisual aids for use in the courtroom, depositions, or mock jury sessions, as well as their staff; and stenographic and clerical employees whose duties and responsibilities require access to Confidential Discovery Material; and

i.    the Parties, including, in the case of Parties that are corporations or other business entities, those executives or other personnel who participate in decisions concerning this Action, and any insurance carriers, or their representatives, whose insurance coverage is implicated by or who are paying defense costs associated with this Action.

The restrictions in this paragraph 8 shall also apply to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of Confidential Discovery Material.

9.      Confidential Discovery Material shall be used only by individuals permitted access to it under Paragraph 8. Confidential Discovery Material shall not be disclosed in any manner to any other individual, until and unless: (a) counsel for the Producing Party or non-party asserting confidentiality waives the claim of confidentiality; or (b) the Court orders such disclosure.

10.     Nothing in this order shall prevent a Producing Party from using its own Confidential Discovery Material in any way the Producing Party chooses.

11.     In the event a Receiving Party or its counsel deems it necessary to disclose any Confidential Discovery Material to any person not contemplated in Paragraph 8, the Receiving Party's counsel shall make a request to counsel for the Producing Party in writing or on the record in a deposition or proceeding before the Court, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the Party seeking to make the disclosure of the Confidential Discovery Material may move the Court to rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure. No disclosure shall be made unless and until such motion is decided in favor of the movant. Notwithstanding anything to the contrary in this Stipulation and order, however, the Producing Party shall bear the burden of establishing the propriety of its designation of documents or information as Confidential.

12.     Any Party who objects to any designation of confidentiality may, at any time before trial, serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement, counsel will address their dispute to the Court in accordance with Rule 3 of this Court's Individual Rules & Practices in Civil Cases. Failure to object to a designation shall not be treated as a waiver of the objection or acquiescence of the designation.

13.     The inadvertent or unintentional disclosure of Confidential Discovery Material that should have been designated as Confidential, regardless of whether the Discovery Material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Producing Party's claim to confidentiality, either as to the specific information disclosed or as to any other Discovery Material concerning the same or related subject matter.

14.     When the inadvertent or mistaken disclosure of Discovery Material protected by any claim of attorney-client or other privilege or work-product immunity is discovered by the Producing Party and brought to the attention of the Receiving Party, the Receiving Party's treatment of such material shall be in accordance with Fed. R. Civ. P. 26(b)(5)(B) and F.R.E. 502(b), as appropriate. Such inadvertent or mistaken disclosure of such information shall not by itself constitute a waiver by the Producing Party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's claim of privilege if appropriate after receiving notice of the inadvertent or mistaken disclosure. The Producing Party shall retain the burden of establishing the privileged or protected nature of any inadvertently disclosed information.

15.     To the extent that any Confidential Discovery Material needs to be submitted to the Court, it must be submitted in accordance with Rule 5(B) of this Court's Individual Rules & Practices in Civil Cases, as well as any other applicable provisions of this Court's Individual Rules & Practice in Civil Cases, the Federal Rules of Civil Procedure, and the rules and standing orders of the United States District Court for the Southern District of New York.

16.     Nothing in this order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that

such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 14 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17.     Each person who has access to Discovery Material designated as Confidential must take appropriate precautions to prevent the unauthorized or inadvertent disclosure of such material.

18.     Within 60 days of the final disposition of this Action (including all appeals) upon request of the Producing Party, a Receiving Party must either return such material, including all copies, to the Producing Party or destroy such material, including all copies. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this Action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this order.

19.     This order does not govern the use of Confidential Discovery Material at trial. Prior to trial, the Parties shall meet and confer on the use of Confidential Discovery Material at trial and shall address procedures governing such use in the proposed pre-trial order.

20.     Nothing contained in this order will be construed as: (a) a waiver by a Party or person of his, her, or its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

21.     This order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

22.     This Court will retain jurisdiction over all persons subject to this order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED

Dated:   New York, New York
        May 14, 2024

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP

By:   _____
              Emilie B. Cooper

One New York Plaza
New York, New York 10004-1980
(212) 859-8000
emilie.cooper@friedfrank.com

Attorneys for Plaintiff and Counterclaim
  Defendant
  Jones Lang LaSalle Brokerage, Inc.

9

Dated:   New York, New York
         May 14, 2024

                                                SHIRYAK, BOWMAN, ANDERSON, GILL &
                                                  KADOCHNIKOV LLP

                                                By:   _____
                                                          Dustin Bowman

                                              80-02 Kew Gardens Road, Suite 600
                                              Kew Gardens, New York 11415
                                              (718) 263-6800
                                              Dbowman@SBAGK.com

                                              Attorneys for Defendant and Counterclaim
                                               Plaintiff
                                             Nityo Infotech Corporation

Dated: _____, 2024

                                              SO ORDERED:

                                              _____

                                              Hon. Vernon S. Broderick
                                              United States District Judge

10

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONES LANG LASALLE BROKERAGE, INC.,

                              Plaintiff,

                - against -

NITYO INFOTECH CORPORATION,

                              Defendant.

1:23-cv-10738-VSB

**NON-DISCLOSURE
AGREEMENT**

I, _____ , acknowledge that I have read and understand the

Protective Order entered in the above-captioned action governing the non-disclosure of those

portions of Discovery Material that have been designated as Confidential. I agree that I will not

disclose such Confidential Discovery Material to anyone other than for purposes of this litigation

and that at the conclusion of the litigation, I will return all discovery information to the Party or

attorney from whom I received it. By acknowledging these obligations under the Protective Order,

I understand that I am submitting myself to the jurisdiction of the United States District Court for

the Southern District of New York for the purpose of any issue or dispute arising hereunder and

that my willful violation of any term of the Protective Order could subject me to punishment for

contempt of Court.

_____

Name: _____

Dated: _____

11