UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JONES LANG LASALLE BROKERAGE, INC.,

                    Plaintiff,

- against -

NITYO INFOTECH CORPORATION,

                    Defendant.

1:23-cv-10738-VSB

**SECOND AMENDED CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

---

VERNON S. BRODERICK, United States District Judge:

    Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order:

1. All parties **do not consent** to conducting all further proceedings before a United States Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. The parties **have** engaged in settlement discussions.

3. This case **is not** to be tried to a jury.

4. No additional parties may be joined after 30 days from the entry of this order absent a showing of good cause under Federal Rule of Civil Procedure 16.

5. No additional causes of action or defenses may be asserted after 30 days from the entry of this order absent a showing of good cause under Federal Rule of Civil Procedure 16.

6. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure have been **completed**.

7. All fact discovery is to be completed no later than **November 15, 2024**.

8. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 7 above.

    a. Initial requests for production of documents have been **completed**.

    b. Interrogatories have been **completed**.

  c. Depositions shall be completed by **November 15, 2024**.

    i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

    ii. There is no priority for depositions by reason of a party's status as a plaintiff or a defendant.

    iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

  d. Requests for admissions shall be served no later than **September 30, 2024.**

9. All expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be completed by **November 15, 2024**.

10. All discovery shall be completed no later than **November 15, 2024**.

11. No later than __**November 19, 2024**___ [*to be completed by the Court*], the parties are to submit a joint letter updating the Court on the status of the case, including but not limited to whether either party intends to file a dispositive motion, what efforts the parties have made to settle the action, whether any discovery disputes remain outstanding, and whether the parties request referral to a Magistrate Judge for settlement purposes.  If either party contemplates filing a dispositive motion, the parties should be prepared to discuss a briefing schedule at the post-discovery conference.

12. The Court will conduct a telephonic post-discovery conference on **November 22, 2024** at **2:00pm**.  [*To be completed by the Court.*]  The dial-in number is 888-363-4749 and the conference code is 2682448.
**The conference previously scheduled for December 13, 2024 at 11:00am is ADJOURNED.**

13. Unless otherwise ordered by the Court, the joint pretrial order and additional submissions required by Rule 6 of the Court's Individual Rules and Practices shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 30 days from the Court's decision on such motion.  This case shall be trial ready 60 days from the close of discovery or from the Court's decision on any dispositive motion.

14. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:  **N/A**.

    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

15. The parties have conferred and their present best estimate of the length of trial is **3 days**.

SO ORDERED.

Dated: 10/15/2024
      New York, New York

                                                  Vernon S. Broderick
                                                  United States District Judge